JUDGE JONES

**07 CV 6273**

19-07/MEU/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SHAKTI TOWAGE
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAKTI TOWAGE,

                  Plaintiff,

-against-

MLC OFFSHORE PTE. LTD. and
MLC MARINE PTE. LTD.,

                  Defendants.
----------------------------------------------------------------x

07 CIV.     (     )

**VERIFIED COMPLAINT**

RECEIVED
JUL 0 9 2007
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff SHAKTI TOWAGE (hereinafter "Plaintiff" or "SHAKTI"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants MLC OFFSHORE PTE. LTD. (hereinafter, "MLC OFFSHORE") and MLC MARINE PTE. LTD. (hereinafter, "MLC MARINE") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claim for breaches of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and / or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2.   At all times relevant hereto, Plaintiff was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business at 6 Raffles Quay #20-01, Singapore 048580.

3.   At all times relevant hereto, Defendant MLC OFFSHORE was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at No. 8 Kaki Bukit Road 2, #01-35/36, Ruby Warehouse Complex S (417841).

4.   At all times relevant hereto, Defendant MLC MARINE was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at No. 8 Kaki Bukit Road 2, #01-35/36, Ruby Warehouse Complex S (417841).

5.   Upon information and belief, Defendants MLC OFFSHORE and MLC MARINE are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the other that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

6.   Upon information and belief, Defendant MLC OFFSHORE is the agent of Defendant MLC MARINE and is in the business of handling, sending and receiving the property of Defendant MLC MARINE.

7.   Upon information and belief, Defendant MLC MARINE is the agent of Defendant MLC OFFSHORE and is in the business of handling, sending and receiving the property of Defendant MLC OFFSHORE.

8.   On July 18, 2006, Plaintiff entered into a maritime contract of charter party on a SUPPLYTIME 89 charter party form, with MLC OFFSHORE, for a time charter of a minimum

of two months for a trip from Singapore to Kiribati and back to Singapore, under which SHAKTI chartered the tug MLC NANCY 10 and the barge MLC 3303.

9. The tug was owned by MLC OFFSHORE whilst the barge was owned by MLC MARINE.

10. While the vessel was being utilized by Plaintiff, they made provisions for extra bunkers to be stored on special tanks on board to ensure enough fuel for the return trip since Kiribati is a remote island in the Pacific.

11. Plaintiff also chartered/hired a crane which was also loaded aboard the barge since there was no equipment at Kiribati to do the loading of cargo.

12. From the outset, the tug, MLC NANCY 10, did not comply with the speeds warranted in the charter party in that a voyage that should have taken 45 days thus took approximately 90 days.

13. Further, unknown to Plaintiff, the barge under tow had, en route, suffered severe damage just above the water line and had a large hole in her forepart.

14. Since the barge arrived in Kiribati damaged, Plaintiff was unable to load the intended cargo until repairs were effectuated.

15. As Kiribati possesses no repair facilities, it was not possible to effect repairs.

16. Moreover, Plaintiff was unable to unload the crane which was on board the barge, since the crane was never meant to be unloaded at Kiribati.

17. When Plaintiff protested that the owners had misrepresented/concealed the fact of damages and also the fact that charter party warranties were not met, the owners, without notice, sailed away from Kiribati for an undisclosed location, with the crane still on board.

18. It is Plaintiff's case that the vessel provided was not as the charter party warranted and was unfit for the purpose for which she was chartered.

19. Plaintiff also holds the owners responsible for conversion and for wrongfully sailing away with the crane.

20. Plaintiff met all of its obligations to Defendants pursuant to their agreement.

21. Plaintiff SHAKTI has made due demand for the payment of this sum, but in breach of their agreement with Plaintiff, Defendants MLC OFFSHORE and MLC MARINE have refused or have otherwise failed to pay.

22. Pursuant to the terms of the agreement between the Plaintiff and Defendants, all disputes are subject to Singapore arbitration, with Singapore law to apply. Plaintiff specifically reserves its right to arbitrate the merits of its dispute with Defendant pursuant to the terms of the charter party agreement.

23. This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendants MLC OFFSHORE and MLC MARINE, including but not limited to interest plus Plaintiff's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under Singapore law. As near as may presently be estimated, anticipated recoverable interest, attorneys fees and costs together total approximately $80,000.00.

24. After investigation, Defendants MLC OFFSHORE and MLC MARINE cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of,

belonging to, due or for the benefit of Defendants, or either of them ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

25. The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff against Defendants MLC OFFSHORE and MLC MARINE, includes

   a. Refund of entire charter hire paid in the sum of $258,750.00;

   b. The value of the bunkers supplied to vessel in the sum of $423,229.93;

   c. Crane rental charges for five months in the net sum of $150,000.00;

   d. Various other miscellaneous charges in the amount of $254,906.67;

   e. Interest, costs and attorneys fees, all inclusive, in the sum of $80,000.00, which are recoverable under Singapore law as part of the Plaintiff's main claim;

For a total claim amount sought to be attached of **$1,166,886.60.**

W H E R E F O R E, Plaintiff SHAKTI prays:

   a. That process in due form of law according to the practice of this Court may issue against Defendants MLC OFFSHORE and MLC MARINE, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $1,086,886.60, plus interest, costs and attorneys' fees;

   b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to

and including the amount of the claim of **$1,166,886.60** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendants, or either of them, (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in their own names or as may be held, received or transferred for their benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendants to appear and respond in the Singapore arbitration as required, or, to the extent an award is rendered against the Defendants, or either of them, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
July 9, 2007

By: FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SHAKTI TOWAGE

_____
Michael E Unger (MU0045)
Lawrence J. Kahn (LK5215)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )
              ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
9th day of July, 2007

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08