CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHAKTI TOWAGE,

                Plaintiff,

          - against –

MLC OFFSHORE PTE. LTD., and
MLC MARINE PTE. LTD.,

                Defendants.
-----------------------------------------------------------------X

07 Civ. 6273 (BSJ/THK)

**VERIFIED ANSWER
WITH COUNTERCLAIM**

Defendants MLC OFFSHORE PTE. LTD. and MLC MARINE PTE. LTD. (hereinafter, collectively "MLC"), by its attorneys, Chalos, O'Connor & Duffy, having entered a restricted appearance, pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims, submit this Verified Answer with Counterclaim to the Verified Complaint of Plaintiff SHAKTI TOWAGE (hereinafter "Shakti"), and allege upon information and belief as follows:

1. Admits that the subject claim is maritime in nature within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 1 of the Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Verified Complaint.

1

3. Admit that Defendant MLC OFFSHORE PTE. LTD. is a business entity organized and existing pursuant to the laws of a foreign county with a registered address at No. 8 Kaki Bukit Road 2, #01-35/36 Ruby Warehouse Complex, Singapore 417841, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 3 of the Verified Complaint.

4. Admit that Defendant MLC MARINE PTE. LTD. is a business entity organized and existing pursuant to the laws of a foreign county with a registered address at No. 8 Kaki Bukit Road 2, #01-24 Ruby Warehouse Complex, Singapore 417841, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 4 of the Verified Complaint.

5. Admit that Defendant MLC OFFSHORE PTE. LTD. and Defendant MLC OFFSHORE PTE. LTD. are each incorporated, under Singaporean Law, as separate legal entities and are not agents or alter-egos of each other, despite the fact that certain shareholders and directors of Defendant MLC OFFSHORE PTE. LTD. are also shareholders and directors of Defendant MLC MARINE PTE. LTD.; moreover, neither company is responsible for the other's debts, nor are their funds co-mingled, and one company is not dominant over the other, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 5 of the Verified Complaint.

6. Deny each and every allegation contained in Paragraphs 6 through 7, inclusive, of the Verified Complaint.

7. Admit the allegations contained in Paragraphs 8 through 9, inclusive, of the Verified Complaint.

8. Admit that additional bunkers were an expense for Shakti, as charterer, under the charter party maritime contract, stored on the subject barge for the purpose of facilitating the return trip of the vessel, said bunkers were used on the return voyage and enabled the vessels to reach as far as Port Moresby, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 10 of the Verified Complaint.

9. Admit that a crane was loaded aboard the subject barge, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 11 of the Verified Complaint.

10. Deny each and every allegation contained in Paragraph 12 of the Verified Complaint.

11. Admit that the barge under tow had suffered damage, enroute, to a portion of the underside of the bow plate, when unexpected heavy weather was encountered, and said damage was not discovered until arrival at Kiribati, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 13 of the Verified Complaint.

12. Admit the allegations contained in Paragraphs 14 through 15, inclusive, of the Verified Complaint.

13. Deny each and every allegation contained in Paragraphs 16 through 21, inclusive, of the Verified Complaint.

14. Admit that the subject agreement provides for disputes to be resolved by arbitration in Singapore with Singaporean Law to apply, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 22 of the Verified Complaint.

15. Deny each and every allegation contained in Paragraph 23 of the Verified Complaint.

16. Admits that Defendants MLC cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but except as so specifically admitted herein, deny each and every allegation contained in Paragraph 24 of the Amended Verified Complaint.

17. Deny each and every allegation contained in Paragraph 25 of the Verified Complaint.

### FIRST AFFIRMATIVE DEFENSE

18. Any claim that may be asserted by Plaintiff Shakti for breach of the charter party contract against Defendants MLC is subject to arbitration in Singapore and Singaporean Law, therefore, the Southern District of New York is an improper forum / venue in which to assert such a claim.

### SECOND AFFIRMATIVE DEFENSE

19. Service of the Process of the Verified Complaint and/or the notice(s) of the attachment was improper.

### THIRD AFFIRMATIVE DEFENSE

20. The Plaintiff Shakti has improperly secured the attachment of property belonging to Defendants MLC, within this District and, therefore, the Honorable Court lacks *quasi-in-rem* jurisdiction over the property of Defendants MLC OFFSHORE PTE. LTD. and/or MLC MARINE PTE. LTD..

### FOURTH AFFIRMATIVE DEFENSE

21. The Verified Complaint fails to state a claim upon which relief can be granted as against Defendants MLC OFFSHORE PTE. LTD. and/or MLC MARINE PTE. LTD.

## FIFTH AFFIRMATIVE DEFENSE

22. The Honorable Court lack *in personam* jurisdiction over Defendants MLC OFFSHORE PTE. LTD. and/or MLC MARINE PTE. LTD.

## SIXTH AFFIRMATIVE DEFENSE

23. If Plaintiff Shakti suffered any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of Plaintiff, and not by Defendants MLC OFFSHORE PTE. LTD. and/or MLC MARINE PTE. LTD.

## SEVENTH AFFIRMATIVE DEFENSE

24. If Plaintiff Shakti suffered any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of others, and not by Defendants MLC OFFSHORE PTE. LTD. and/or MLC MARINE PTE. LTD.

## EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff Shakti has failed, in whole or in part, to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

26. Plaintiff Shakti's recovery is barred by the doctrine of laches, unclean hands, and/or other equitable defenses.

## TENTH AFFIRMATIVE DEFENSE

27. Plaintiff Shakti's recovery is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

28. Defendants MLC OFFSHORE PTE. LTD. and MLC MARINE PTE. LTD. have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated defenses available. Defendants MLC OFFSHORE PTE. LTD. and MLC MARINE PTE. LTD. therefore reserves the right to asset additional defenses in the event discovery indicates that they may be appropriate.

## AS AND FOR A COUNTER-CLAIM AGAINST PLAINTIFF SHAKTI, DEFENDANTS MLC ALLEGE UPON INFORMATION AND BELIEF

29. At all time material hereto, Plaintiff Shakti is a legal entity existing pursuant to the laws of a foreign country and with an office and place of business located at 6 Raffles Quay #20-01, Singapore 048580.

30. Defendant MLC OFFSHORE PTE. LTD., as owners of the vessel Tugboat "MLC NANCY 10", and Plaintiff Shakti, as charterers, entered into a maritime contract, dated July 18, 2006, whereby said tugboat and ocean-going barge "MLC 3303", owned by MLC MARINE PTE. LTD., was hired for one round-trip voyage to carry certain cargo between Singapore and Kiribati, in exchange for hire payments.

31. This contract between MLC OFFSHORE PTE. LTD. and Shakti is a maritime contract made out on a Uniform Time Charter Party for Offshore Service Vessels ("Supplytime 89") standard form with annexed rider clauses (hereinafter collectively referred to as the "maritime contract").

32. Pursuant to the terms and conditions of this maritime contract, MLC OFFSHORE PTE. LTD. and Shakti, agreed to, among other things, the hire rate, responsibility for certain charges, and that any disputes arising under the maritime contract are to be submitted to arbitration in Singapore and are subject to Singaporean Law.

33. During the performance of the maritime contract MLC OFFSHORE PTE. LTD., the vessels encountered unexpected heavy weather that justified the invocation of the *force majure* clause of the maritime contract by MLC OFFSHORE PTE. LTD., and despite repeated demands by MLC OFFSHORE PTE. LTD., Shakti refused to remove its crane from the barge, even though the removal could be accomplished at Kiribati.

34. Left with no choice, the vessels eventually departed Kiribati for repairs with the crane still remaining on board, and as a result, charter hire continued to run against Shakti's account. The vessels eventually proceeded to Sorong, Indonesia, for repairs to the subject barge, but, despite further notification by MLC OFFSHORE PTE. LTD., Shakti failed to remove the crane. Eventually, the crane was permitted to remain on board the subject barge pursuant to private arrangements, not communicated to MLC, with the subsequent charterer of the vessels, who apparently took over the hire payments of the crane from Shakti.

35. At the termination of the voyage, it was determined that Shakti owed a balance of hire and other expenses to MLC OFFSHORE PTE. LTD. in the aggregate amount of US $614,842.60 and SGD 26,364.45 (approximately, US $17,789.78) not including awardable interest, costs and fees.

36. In breach of the maritime contract, Plaintiff Shakti has failed to pay this balance now due and owing even though it has been demanded by Defendant MLC OFFSHORE PTE. LTD.

37.   Defendant MLC OFFSHORE PTE. LTD.'s claim against Plaintiff Shakti for breach of the maritime contract constitutes a maritime claim and, in particular to the instant action, a proper maritime counter-claim.

38.   The maritime contract provides that any disputes arising under said contract is subject to resolution by arbitration in Singapore and to be determined under Singaporean Law, none of which is deemed waived, and, in accordance with the terms of the arbitration clause, Defendants MLC will pursue its maritime counter-claim against Plaintiff Shakti in arbitration in Singapore.

**WHEREFORE**, Defendants MLC pray:

A.   that judgment be entered in favor of Defendants MLC, herein together with the costs and disbursements of this action, and Plaintiff Shakti's claims be dismissed;

B.   for an Order vacating the Order and Writ of Attachment issued against the property of Defendant Interlink;

C.   for an Order directing all garnishees and/or parties holding property of the Defendants MLC to release said property to Defendants MLC;

D.   that, in the event this Honorable Court does not vacate the Order and Writ of Attachment against, or direct the release of, the property of Defendants MLC, then the Honorable Court should enter an Order pursuant to Supplement Rule E(7)(a) of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims directing Plaintiff Shakti to post at US $ 700,000.00, comprised of a principle counterclaim of US $614,842.60 and SGD 26,364.45 plus awardable interest and fees, in counter-security in favor of Defendants MLC for the above stated counterclaim and, if Plaintiff fails to post such security, that its claims should be dismissed;

E.  that judgment be entered in favor of Defendants MLC for any such other and further relief as this Court deems just and proper.

Dated: Port Washington, New York
       October 12, 2007

                            CHALOS, O'CONNOR & DUFFY LLP
                            Attorneys for Defendants,

        By:                 _____
                            Eugene J. O'Connor (EO-9925)
                            Timothy Semenoro (TS-6847)
                            366 Main Street
                            Port Washington, New York 11050
                            Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHAKTI TOWAGE,

                Plaintiff,

         - against –

MLC OFFSHORE PTE. LTD., and
MLC MARINE PTE. LTD.,

               Defendants.
-----------------------------------------------------------------X

07 Civ. 6273 (BSJ/THK)

**VERIFICATION OF ANSWER**

       Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

    1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Defendants MLC OFFSHORE PTE. LTD. and MLC MARINE PTE. LTD., herein;

    2.    I have read the foregoing answer and know the contents thereof; and

    3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Defendants and through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Defendants are because the Defendants are foreign corporations, whose officers are not in this district, and whose verifications cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
October 12, 2007

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Defendants,

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

2